### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Kristi VonDeylen and Jared VonDeylen,** ) | |
| ) | |
| Plaintiffs, ) | **Civil Action No.** |
| ) | |
| **v.** ) | |
| ) | |
| **Complete Reservation Solutions, LLC,** ) | **Jury Trial Demanded** |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

### COMPLAINT

**Kristi VonDeylen** (hereinafter referred to as "Mrs. VonDeylen"), and **Jared VonDeylen** (hereinafter referred to as "Mr. VonDeylen") (hereinafter collectively referred to as "Plaintiff's" or "the VonDeylen's" by and through their attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Complete Reservations Solutions, LLC** (hereinafter referred to as "CRS" or "Defendant"):

### INTRODUCTION

1.      Plaintiffs' Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.*

### JURISDICTION AND VENUE

2.      This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3.      Defendant regularly conducts business in the State of Delaware.

4.      Further, Defendant maintains its corporate headquarters with the District of Delaware at 8 The Green, Dover, DE 19901.

5.      Accordingly, this Court has personal jurisdiction over Defendant in this matter.

6.      Furthermore, venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

7.      Mrs. VonDeylen is a natural person residing in Oak Grove, MN 55011.

8.      Mr. VonDeylen is a natural person residing in Oak Grove, MN 55011.

9.      Plaintiffs are "persons" as that term is defined by 47 U.S.C. § 153(39).

10.     Defendant CRS is a corporation with its principal place of business, head office, or otherwise valid mailing address at 8 The Green, Dover, DE 19901.

11.     CRS is a company in the business of soliciting travel packages to prospective consumers.

12.     Defendant is a "person" as that term is defined by 47 U.S.C. §153(39)

13.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

14.     At all times relevant hereto, Mrs. VonDeylen maintained a cellular telephone, the number for which was (612) XXX-3072.

15.     At all times relevant hereto, Mrs. VonDeylen primarily used that cell phone for residential purposes.

16.     Mrs. VonDeylen used that cell phone to communicate with friends and family, order food, listen to music, and other personal and residential purposes.

17.     Mrs. VonDeylen registered that cell phone number on the Do Not Call Registry on or around February 6, 2006.

18.     Mrs. VonDeylen registered that cell phone number on the Do Not Call list in order to obtain solitude from unwanted telemarketing and solicitation calls.

19.     At all times relevant hereto, Mr. VonDeylen maintained a cellular telephone, the number for which was (763) XXX-2704.

20.     At all times relevant hereto, Mr. VonDeylen primarily used that cell phone for residential purposes.

21.     Mr. VonDeylen used that cell phone to communicate with friends and family, order food, listen to music, and other personal and residential purposes.

22.     Mr. VonDeylen registered that cell phone number on the Do Not Call Registry on or around February 4, 2006.

23.     Mr. VonDeylen registered that cell phone number on the Do Not Call list in order to obtain solitude from unwanted telemarketing and solicitation calls.

24.     Beginning in or around July 2019, Defendant began calling the VonDeylen's on their cellular telephones to sell Plaintiffs a vacation package.

25.     Prior to receiving calls from Defendant, Plaintiffs never sought information about vacations, specifically the vacation packages that Defendant sought to sell to Plaintiffs

26.     Plaintiffs did not consent to being contacted by Defendant.

27.     The calls were not made for "emergency purposes," but rather for telemarketing purposes.

28.    Despite registration on the Do Not Call Registry, Defendant placed calls to the VonDeylen's on numerous occasions attempting to solicit the Plaintiffs a vacation package that Plaintiffs had no interest in.

29.    In total, Defendant placed at least 108 calls to Plaintiffs on their respective telephones.

30.    A non-exhaustive list of those calls to Mr. VonDeylen's cell phone ending in 2704 is below:

| Date: | Caller ID: |
|---|---|
| July 6, 2019 10:13 am | 203-884-8409 |
| July 26, 2019 10:42 am | 203-884-8409 |
| August 5, 2019 2:00 pm | 706-307-4078 |
| August 10, 2019 1:51 pm | 201-252-6341 |
| August 15, 2019 9:58 am | 407-329-9147 |
| September 5, 2019 12:01 pm | 424-389-5051 |
| September 6, 2019 2:01 pm | 707-797-5242 |
| October 9, 2019 11:32 am | 208-580-7039 |
| October 11, 2019 11:56 am | 970-599-7479 |
| October 18, 2019 1014 am | 364-202-9852 |
| November 11, 2019 12:14 pm | 262-667-6027 |
| November 16, 2109 12:38 pm | 949-546-6454 |
| November 23, 2019 1:17 pm | 307-398-0686 |
| November 29, 2019 9:48 am | 254-414-0016 |
| December 2, 2019 1:18 pm | 323-342-5635 |
| December 4, 2019 12:15 pm | 425-287-6424 |
| December 10, 2019 1:39 pm | 501-760-0467 |
| December 19, 2019 1:14 pm | 231-999-8082 |
| December 21, 2019 1:25 pm | 267-329-0627 |
| December 28, 2019 1:27 pm | 402-336-0710 |
| January 11, 2020 9:34 am | 239-299-0137 |
| January 11, 2020 12:45 pm | 239-299-0137 |
| January 18, 2020 11:52 am | 586-381-7282 |
| January 28, 2020 1:13 pm | 979-413-3616 |
| January 28, 2020 10:57 am | 231-533-2271 |
| February 1, 2020 10:41 am | 331-808-1119 |
| February 7, 2020 1:16 pm | 256-576-8414 |
| December 4, 2020 11:44 am | 336-606-1510 |
| January 25, 2021 10:37 am | 763-363-8683 |

| | |
|---|---|
| January 28, 2021 10:16 am | 763-363-8683 |
| January 29, 2021 9:09 am | 763-363-8683 |
| February 1, 2021 9:31 am | 763-363-8683 |
| February 1, 2021 11:04 am | 763-363-8683 |
| February 4, 2021 10:28 am | 763-363-8683 |
| February 9, 2021 9:10 am | 763-363-8683 |
| February 9, 2021 10:23 am | 763-363-8683 |
| February 10, 2021 12:34 pm | 763-363-8683 |
| February 11, 2021 2:23 pm | 763-363-8683 |
| February 12, 2021 9:13 am | 763-363-8683 |

31.     Upon information and belief, Mr. VonDeylen received additional calls from Defendant not included in the above.

32.     Mrs. VonDeylen additionally received calls to the phone number ending in 3072. A non-exhaustive list of those calls follows:

| Date: | Caller ID: |
|---|---|
| May 8, 2020 2:19 pm | 205-651-6255 |
| July 24, 2020 1:27 pm | 302-522-1016 |
| November 30, 2020 12:33 pm | 231-533-2271 |
| November 30, 2020 12:42 pm | 231-533-2271 |
| December 1, 2020 10:26 am | 386-222-7545 |
| December 1, 2020 12:12 pm | 302-402-1237 |
| December 7, 2020 5:52 pm | 320-273-6336 |
| May 27, 2021 11:15 am | 651-219-6954 |
| May 28, 2021 9:52 am | 507-200-5076 |
| May 28, 2021 9:52 am | 651-219-6954 |
| June 7, 2021 1:53 pm | 351-217-3026 |
| June 8, 2021 10:44 am | 351-217-3026 |
| June 10, 2021 12:16 pm | 507-260-5689 |
| June 10, 2021 12:16 pm | 218-370-3699 |
| June 10, 2021 12:46 pm | 651-217-3554 |
| June 10, 2021 1:26 pm | 507-260-5689 |
| June 11, 2021 10:37 am | 507-260-5689 |
| June 12, 2021 12:20 pm | 651-217-3554 |
| June 15, 2021 8:20 pm | 320-205-1523 |
| June 22, 2021 9:30 am | 218-402-3258 |
| June 23, 2021 12:36 pm | 507-268-5531 |
| June 28, 2021 3:38 pm | 763-424-2431 |
| June 29, 2021 11:26 am | 218-538-0722 |
| June 29, 2021 11:26 am | 218-538-0722 |

| | |
|---|---|
| July 1, 2021 1:34 pm | 218-440-6239 |
| July 14, 2021 10:45 am | 218-450-5374 |
| July 15, 2021 12:08 pm | 218-450-5374 |
| July 15, 2021 12:23 pm | 651-381-4830 |
| July 23, 2021 11:49 am | 218-217-9100 |
| July 23, 2021 12:40 pm | 218-217-9100 |
| July 28, 2021 11:04 am | 507-318-5462 |
| July 28, 2021 11:22 am | 218-217-9100 |
| August 3, 2021 12:20 pm | 218-480-8160 |
| August 4, 2021 9:31 am | 507-318-5846 |
| August 4, 2021 11:14 am | 507-318-5846 |
| August 4, 2021 11:16 am | 507-318-5846 |
| August 4, 2021 12:20 pm | 218-480-8160 |
| August 5, 2021 9:11 am | 218-496-2581 |
| August 5, 2021 12:00 pm | 218-496-2581 |
| August 5, 2021 12:00 pm | 218-496-2581 |
| August 5, 2021 12:03 pm | 218-496-2581 |
| August 5, 2021 9:12 am | 651-390-7292 |
| August 5, 2019 12:18 pm | 651-390-7292 |
| August 5, 2019 12:25 pm | 507-338-7887 |
| August 6, 2021 9:34 am | 507-338-7887 |
| August 6, 2021 9:42 am | 651-390-7292 |
| August 6, 2021 9:44 am | 218-496-2581 |
| August 6, 2021 12:48 pm | 218-496-2581 |
| August 10, 2021 1:07 pm | 651-390-7292 |
| August 10, 2021 1:08 pm | 651-390-7292 |
| August 10, 2021 1:08 pm | 507-338-7887 |
| August 10, 2021 1:10 pm | 651-390-7292 |
| August 10, 2021 1:26 pm | 651-390-7292 |
| August 10, 2021 1:32 pm | 651-390-7292 |
| August 11, 2021 9:23 am | 218-496-2581 |
| August 11, 2021 9:32 am | 218-496-2581 |
| August 11, 2021 9:32 am | 218-496-2581 |
| August 13, 2021 10:30 am | 507-299-5161 |
| August 13, 2021 10:36 am | 507-299-5161 |
| August 13, 2021 1:45 pm | 507-299-5161 |
| August 13, 2021 2:15 pm | 218-500-0799 |
| August 17, 2021 9:12 am | 507-299-5161 |
| August 17, 2021 9:13 am | 507-299-5161 |
| August 17, 2021 9:16 am | 218-500-0799 |
| August 17, 2021 9:30 am | 218-500-0799 |
| August 17, 2021 10:07 am | 507-299-5161 |
| August 17, 2021 10:55 am | 507-299-5161 |
| August 17, 2021 12:51 pm | 218-500-0799 |
| August 17, 2021 12:52 pm | 651-390-7676 |

33.     Upon information and belief, Mrs. VonDeylen received additional calls from Defendant not included in the above.

34.     In an effort to ascertain the identity of the party making the harassing calls, both Plaintiffs periodically called the calling number back to confirm the identity of the party behind the calls.

35.     Plaintiffs expressed their collective desire to no longer be contacted by the party behind the calls on numerous occasions, including but not limited to during the calls placed by Defendant at the following dates and times:

- January 11, 2020 9:34 am

- January 18, 2020 11:52 am

- January 28, 2020 10:57 am

- January 28, 2020 1:13 pm

- February 1, 2020 10:41 am

- December 1, 2020 10:26 am

- December 4, 2020 11:44 am

- February 1, 2021 9:31 am

- February 12, 2021 11:15 am

- June 8, 2021 10:44 am

- June 10, 2021 12:46 pm

- July 14, 2021 10:45 am

- July 28, 2021 11:04 am

- July 28, 2021 11:22 am

- August 6, 2021 9:44 am

- August 6, 2021 12:48 pm

- August 10, 2021 1:07 pm

- August 10, 2021 1:08 pm

- August 10, 2021 1:26 pm

- August 10, 2021 1:32 pm

- August 11, 2021 9:23 am

- August 11, 2021 9:32 am

- August 13, 2021 10:30 am

- August 17, 2021 9:13 am

- August 17, 2021 9:16 am

- August 17, 2021 9:30 am

- August 17, 2021 10:07 am

- August 17, 2021 10:55 am

- August 17, 2021 12:52 pm

36.    As a result of the persistence of the unwanted solicitation calls, Plaintiffs continued their efforts to identify the company behind the unwanted calls.

37.    Plaintiffs continued to ask Defendant's agents to identify the company behind the calls.

38.    Unable to stop the unwanted calls through repeated demands to stop calling, Plaintiffs purchased a vacation package in order to confirm the identity of the calling party and obtain proof that Defendant was actually the party placing the unwanted telemarketing calls.

39.    Plaintiffs received a charge on their credit card and an email from Defendant which confirmed that Defendant was the party behind the calls.

40.    On a number on instances, both Jared and Kristi VonDeylen received calls utilizing a pre-recorded message which advertised various vacation packages.

41.    As a result of the foregoing, Plaintiffs experienced frustrations, annoyance, irritation and a sense that his privacy has been invaded by Defendant.

42.    The foregoing acts and omissions were in violation of the TCPA.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. §227(b)

43.    Plaintiffs incorporates the forgoing paragraphs as though the same were set forth at length herein.

44.    The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

45.    Defendant initiated multiple telephone calls to Plaintiffs' cellular telephone numbers using a pre-recorded voice.

46.    Defendant's calls were not made for "emergency purposes."

47.    Defendant's calls to Plaintiffs' cellular telephones were made without any prior express consent.

48.    Defendant contacted Plaintiffs despite the fact that Plaintiffs' numbers have been listed on the Do Not Call Registry since as early as 2006.

49.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of harassing Plaintiffs.

50.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

51.    As a result of the above violations of the TCPA, Plaintiffs have suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)

52.    Plaintiffs incorporates the forgoing paragraphs as though the same were set forth at length herein.

53.    The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered their telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

54.    Defendant contacted Plaintiffs despite the fact that Plaintiffs have been on the Do Not Call Registry since as early as 2006.

55.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of harassing Plaintiffs.

56.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

57.    As a result of the above violations of the TCPA, Plaintiffs have suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiffs, **Kristi VonDeylen** and **Jared VonDeylen,** respectfully prays for judgment as follows:

 a. All actual damages Plaintiffs suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

 b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

 c. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

 d. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227 (c));

 e. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

 f. Any other relief this Honorable Court deems appropriate.

[THIS PORTION OF THE PAGE IS INTENTIONALLY LEFT BLANK]

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiffs, **Kristi VonDeylen** and **Jared VonDeylen**, demand a jury trial in this case.

Respectfully submitted,

Dated: May 26, 2022                  By: */s/ Mary Higgins*
                                     Mary Higgins, Esq.
                                     University Office Plaza
                                     260 Chapman Road #201
                                     Newark, DE 19702
                                     Phone: (302) 525-6607, ext 2
                                     Facsimile: (302) 525-6618
                                     Email: mhiggins@lemonlaw.com