# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **KRISTI & JARED VONDEYLEN,** ) ) ) ) | |
| ) | **C. A. No.: 1:22-cv-00703 CFC** |
| Plaintiffs, ) ) | |
| v. ) ) | |
| **COMPLETE RESERVATION SOLUTIONS, LLC,** ) ) ) ) | |
| Defendant. ) | |

## PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST COMPLETE RESERVATION SOLUTIONS, LLC

**KIMMEL AND SILVERMAN, PC**

By: /s/ *Mary Higgins*
Mary Higgins, Esquire (4179)
Commonwealth Building
260 Chapman Road, Ste 201
Newark, DE 19702
Tel: 302-525-6607, ext. 2
mhiggins@lemonlaw.com

By: */s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire (phv)
Kimmel & Silverman, P.C.
30 East Butler Avenue
Ambler, PA 19002
Tel: 215-540-8888, ext. 308
atroccoli@creditlaw.com

Dated: March 13, 2023

Pursuant to the provisions of Rule 55(b)(2) of the Federal Rules of Civil Procedure, as well as this Court's Oral Orders of November 21, 2022 and March 2, 2023, Kristi and Jared VonDeylen ("Plaintiffs") submit this *Supplemental Memorandum of Law* in support of their Motion for Default Judgment against Complete Reservation Solutions, LLC ("Defendant"). Written notice of this action, and notice of the Motion for Default Judgment, have been served on Defendant as set forth in the affidavits filed at D.I. 9-2, D.I. 13, D.I. 14, D.I. 15, D.I. 16, and pursuant to the Notice and Certificate of Service filed herewith.

## I.   ARGUMENT

### A.   *Default Judgment is a Discretionary Decision Reviewed Under an Abuse of Discretion Standard*

Default judgment is a discretionary remedy that this Court is empowered to grant to the Plaintiffs. *Tristrata Tech., Inc. v. Med Skin Therapy Research, Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)). The decision to enter default judgment rests in the sound discretion of the trial court. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3rd Cir. 2000). Notwithstanding this authority, a district court's decision to grant–or refusal to grant–default judgment is "review[ed] for abuse of discretion." *PPG Induss. v. Jiangsu Tie Mao Glass Co.,* 47 F.4th 156, 160 n.10 (3d Cir. 2022).

### B.     *Jurisdiction and Proper Cause of Action Required*

"Before granting default judgment, a district court may consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *J&J Sports Prods. v. Ramsey*, 757 F. App'x 93, 95 (3d Cir. 2018) (citations omitted) (not precedential); *Seed River, LLC v. AON3D, Inc.*, Civil Action No. 21-cv-1497-GBW, 2023 U.S. Dist. LEXIS 19204, at *4, 2023 WL 1778630 (D. Del. Feb. 6, 2023) (citations omitted).

In reviewing the complaint, the Court will accept as true "the factual allegations of the complaint, except those relating to the amount of damages . . . ." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations omitted), *e.g. SEC v. Krimm*, No. 1:17-CV-464, 2019 U.S. Dist. LEXIS 88759, at *2, 2019 WL 2270437 (D. Del. May 28, 2019) (accepting as true the allegations in the complaint "in the absence of any response from Defendants").

The instant complaint is well pled. Proper jurisdiction and causes of action are set forth under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq*. The Court has subject-matter jurisdiction over TCPA claims under 28 U.S.C. § 1331, which grants it original jurisdiction over civil actions arising under United States laws, and, specifically, grants federal question subject-matter jurisdiction to hear private civil suits under the TCPA. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386- 87 (2012).

Here, the Court should find that the Plaintiffs' causes of action are clearly and adequately pled under the TCPA. Pursuant to 47 U.S.C. § 227(c)(5), individuals have a cause of action if they "received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of" Section 227(c). It is a violation of Section 227(c) to make or transmit a telephone solicitation to any person who is a subscriber to the Do Not Call ("DNC) registry. 47 U.S.C. § 227(c)(3)(F). Individuals have a private right of action "to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater . . . ." 47 U.S.C. § 227(c)(5)(B). *If the Court finds that the Defendant's violation was committed willfully or knowingly, the Court may treble the Plaintiff's award.* 47 U.S.C. § 227(c)(5).

The Plaintiffs have met their burden of proving their claims by presenting an extensive list of violative telephone calls in the complaint. D.I. 1. Additional evidence in the form of affidavits and documents have been submitted to the Court. *See* D.I. 1, ¶ ¶ 30, 32, 35, D.I. 9-3, D.I. 9-4; D.I. 9-5; D.I. 9-6. This evidence shows, with particularity, call details, including originating numbers, dates, and times so as to adequately substantiate violations and damages. Plaintiffs have presented clear evidence to the Court that it has jurisdiction over this legitimate cause of action. *Id.*

### C.   *Chamberlain Factors -*

### *Determination of Default Judgment Appropriateness*

Once the Court determines that the Plaintiffs' complaint does, indeed, set forth a legitimate cause of action and is well pled, the next step is to review the factors which allow it to determine the appropriateness of default judgment. "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain*, 210 F.3d at 164.

### *(1) prejudice to the plaintiff if default is denied*

"[T]he first factor . . . weighs in favor of the [Plaintiffs here]. Absent the default judgment, the [Plaintiffs] will be faced with an indefinite, and possibly permanent, delay in the adjudication of its claims . . . ." *SEC v. Krimm*, 2019 U.S. Dist. LEXIS 88759, at *12-13. District courts have found that "[c]onsiderable delays," especially those that might "stretch on indefinitely," are sufficient to show prejudice to the plaintiff. Grove *v. Rizzi 1857 S.P.A.*, No. 04-2053,, 2013 U.S. Dist. LEXIS 33518, at *5, 2013 WL 943283 (E.D. Pa. Mar. 12, 2013) (citations omitted).

In the Delaware *Krimm* case, the SEC sued Matthew Krimm and Krimm Financial Services, LLC, on behalf of consumers for violation of federal securities

laws. The Defendant simply refused to participate in the process. There, just as here, "no Defendant has filed an answer or performed any other action to defend the case or set forth any meritorious defenses." *Krimm*, 2019 U.S. Dist. LEXIS 88759 at *13. This creates substantial prejudice as the Plaintiffs are "left with no alternative means to vindicate [their] claims against the defaulting parties, including obtaining the monetary relief . . . ." *Id.*

Analogously, Defendant has failed to participate; its conduct has prejudiced Plaintiffs by nullifying their opportunity to vindicate their claims. Plaintiffs commenced this lawsuit ten (10) months ago. It has been six (6) months since the Clerk of Court entered default. In that time, no attorney has entered an appearance, nor has Defendant responded to the complaint or to this motion.

The first *Chamberlain* factor of prejudice to the Plaintiff is established as a result of (1) the Defendant's failure to participate; (2) "the indefinite, and possibly permanent, delay in the adjudication of [Plaintiffs'] claims," *Krimm* at *12-13; and (3) the "considerable delays" here. *Grove* at *2. Prejudice to the Plaintiffs supports the appropriateness of entering default judgment.

### *(2) whether the defendant appears to have a litigable defense*

Plaintiffs will suffer prejudice without default judgment; therefore, the Court must examine next whether Defendant "appears to have a litigable defense." *Chamberlain*, 210 F.3d at 164. "The showing of a meritorious defense is

accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (citations omitted)

> [O]utside of the court's obligation to decide whether it has jurisdiction and whether the complaint states a claim, the court may presume that an absent defendant who has failed to answer has no meritorious defense, *e.g., Doe v. Simone*, No. 12-5825, 2013 U.S. Dist. LEXIS 99535, 2013 WL 3772532, at *5 (D.N.J. July 17, 2013), because "[i]t is not the court's responsibility to research the law and construct the parties' arguments for them[.]" *Econ. Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 721 (7th Cir. 2008).

*Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 271-72 (E.D. Pa. 2014);

In the present action, the defendant has not filed an answer or performed any other action to defend the case or set forth any meritorious defenses. In the absence of any response, the Court is unable to determine if Defendants have a complete defense in this action. See e.g., *Freddy S.P.A. v. Kalai*, Civil Action No. 20-628-MN, 2022 U.S. Dist. LEXIS 77843, 2022 WL 1411690 (D. Del. Apr. 28, 2022), *rpt and rec'd adopted by Freddy S.P.A. v. Abdeslam Kalai, Kalai Phony, Kalai Gp., LLC,* No. 20-628 (MN), 2022 U.S. Dist. LEXIS 132012, 2022 WL 2915765 (D. Del. July 25, 2022) (granting permanent injunction on motion for default judgment where it was unclear if the defaulting defendants had a litigable

defense, because they never appeared, filed an answer or responded to the default motion).

In addition, the requirements of Fed. R. Civ. P. 8(b), require the Court to find that Defendant's failure to deny Plaintiffs' allegations amounts to an admission of the same and establishes Defendant's liability under the TCPA. Specifically Fed. R. Civ. P. 8(b)(6) specifies the effect of a party's failure to deny an allegation in a complaint. That rule states in pertinent part,

> Rule 8. General Rules of Pleading
>
> > (b) DEFENSES; ADMISSIONS AND DENIALS.
> >
> > > (1) IN GENERAL. IN RESPONDING TO A PLEADING, A PARTY **MUST**:
> > > \* \* \*
> > > (B) ADMIT OR DENY THE ALLEGATIONS ASSERTED AGAINST IT BY AN OPPOSING PARTY.
> > > \* \* \*
> >
> > (6) *Effect of Failing to Deny.* An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.

Fed. R. Civ. P. 8(b)(1), (6) (emphasis added).

The Third Circuit, in *dicta*, addressed the underpinning of the procedural penalty of failing to deny an allegation in a properly served Complaint.

> A default judgment is a judgment entered by the Court as a penalty against a party for failure to appear or otherwise to perform a procedurally required act. It is an act founded entirely upon the

> authority of the Court and does not derive its justification from any express or implied consent of the party against whom it is entered.

*Anchorage Assocs. v. V.I. Bd. of Tax Review,* 922 F.2d 168, 174 n.3 (3d Cir. 1990).

The grant of default judgment against a defendant who has failed to answer the complaint may be perfunctory, because:

> when a defendant has failed to appear or respond in any fashion to the complaint, th[e] analysis is necessarily one sided. Thus, "entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment pursuant to Rule 55(c).

*Joe Hand Promotions, Inc.,* 3 F.Supp.3d at 272 (citations omitted).

Thus, the second *Chamberlain* factor supports granting the motion for a default judgment in this case, because Defendant has utterly ignored the litigation and provided no evidence of a litigable defense.

### *(3) whether defendant's delay is due to culpable conduct.*

Finally, the Court may find that Complete Reservation Solutions, LLC has acted culpably under *Chamberlain*, as it has been properly served with the complaint and this motion, yet has failed to respond or offer any reason for failing to engage in the litigation process. See, *e.g., Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability) (not precedential).

The Delaware District Court has analyzed the *Chamberlain* culpability factor in *Turner v. Corr. Med. Servs.*, 262 F.R.D. 405, 408 (D. Del. 2009) in a manner that is instructive here:

> [C]ulpable conduct means actions taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.,* 700 F.2d 120, 123-24 (3d Cir. 1983) (citing *Feliciano,* 691 F.2d at 657). The Third Circuit explains that:
>
> * * *
>
> Reckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of a serious injury, can satisfy the culpable conduct standard.
>
> *Hritz,* 732 F.2d at 1183.
>
> In *Hritz,* the record showed that the defendant company failed to respond to at least five communications, including a letter from plaintiff and various notices regarding the lawsuit mailed by the court, over a period of approximately two years. *Id.* at 1179-80. The Third Circuit found that there was sufficient evidence on the face of the record from which the trial court could have found the culpable conduct standard satisfied. *Id.* at 1183.

*Turner*, 262 F.R.D. at 408 (D. Del. 2009). Likewise, other Delaware District Courts have found that where "the Defaulting Defendants have been on notice of th[e] action, and their decision not to defend against the allegations in the [complaint] amounts to willful and culpable conduct."*Freddy S.P.A. v. Kalai*, Civil Action No. 20-628-MN, 2022 U.S. Dist. LEXIS 77843, at *6 (citing *Krimm*, 2019 WL 2270437, at *5).

There is nothing in the record to indicate that Complete Reservation Solutions, LLC's failure to act in this case is due to anything other than deliberate inaction. Other district courts have found that,

> the defendant's failure or refusal to engage in the litigation process and to offer no reason for this failure or refusal may qualify as culpable conduct with respect to the entry of a default judgment—indeed, for the Court to conclude otherwise would be to reward the recalcitrant or the oppositional and uncooperative.

*United States v. Parente*, No. 3:19-1086, 2019 U.S. Dist. LEXIS 174718, at *9, 2019 WL 4962976 (M.D. Pa. Oct. 8, 2019) (internal quotations omitted).

The judgment requested here is proper. Plaintiffs gave Defendant notice of this lawsuit and afforded Defendant ample opportunity to participate; however, Defendant, it seems, purposely and intentionally avoided doing so. Accordingly, default judgment against Defendant is proper. The Court has jurisdiction; the complaint is well pled under the TCPA; and Plaintiffs have satisfied all of the requirements of the Court.

### D.   *Damages*

Given Defendant's liability, Plaintiffs are entitled to recover at least $500 for each call documented in the affidavits and complaint, as they were on the DNC registry at all relevant times. Damages that are liquidated or computable may "be awarded simply on the basis of the pleadings." *Comdyne I*, 908 F.2d at 1152.

Where damages are mandated by statute it is appropriate for the Court to start with the statute to calculate them. *PPG Induss. v. Jiangsu Tie Mao Glass Co.*, 47 F.4th 156, 161 (3d Cir. 2022) (noting that when awarding statutory damages, "[t]he District Court determined the amount of damages by starting, quite appropriately, with the statute").

"[T]he TCPA is essentially a strict liability statute." *New Century Mortg. Corp. v. Great N. Ins. Co.*, Civil Action No. 07-640-GMS/MPT, 2009 U.S. Dist. LEXIS 100033, at *23, 2009 WL 3444759 (D. Del. Oct. 26, 2009) (internal quotations omitted). *See generally Hylton v. Titlemax of Va., Inc.*, No. 4:21-cv-163, 2022 U.S. Dist. LEXIS 202470, 2022 WL 16753869 (S.D. Ga. Nov. 7, 2022) (reviewing circuit court holdings showing no "good faith" defense to TCPA).

It is a violation of Section 227(c) to make or transmit a telephone solicitation to any person who is a subscriber to the DNC registry. 47 U.S.C. § 227(c)(3)(F). Individuals "receive up to $500 in damages for each such violation . . . ." 47 U.S.C. § 227(c)(5)(B). Delaware district courts have held that this section "impose[s] minimum procedures for maintaining a do-not-call list that apply to *all* calls." *McGee v. Halsted Fin. Servs., LLC*, Civil Action No. 13-cv-1555 (RGA), 2014 U.S. Dist. LEXIS 36159, at *4, (D. Del. Mar. 19, 2014) (internal quotations omitted). The TCPA applies to "both voice calls and text messages." *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 269 n.2 (3d Cir. 2013) (citation omitted).

Moreover, if the Court finds that the Defendant's violation was committed willfully or knowingly, the Court may treble the Plaintiffs' award. 47 U.S.C. § 227(c)(5). The U.S. Supreme Court has determined that "where willfulness is a statutory condition of civil liability, we have generally taken it to cover not only knowing violations of a standard, but reckless ones as well." *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 57, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007) (citations omitted).

Other district courts have held that a willful or knowing violation does not require bad faith, malice or deliberate intent to violate the law, but only that the person has reason to know that his conduct would violate the statute. *Robert W. Mauthe, M.D., P.C. v. MCMC LLC*, 387 F. Supp. 3d 551, 571 (E.D. Pa. 2019) ("a violation was clearly knowing and willful if the defendant knew its conduct violated the TCPA when it sent the fax, that does not mean that knowledge of the law is required"); *See also Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 899 (W.D. Tex. 2001).

Additionally, where a defendant fails to defend a claim for treble damages and the plaintiff alleges a reckless disregard for their rights under the TCPA, treble damages can and should be imposed. *See Thompson v. Dealer Renewal Servs.*, No. 4:21-cv-0467-P, 2021 U.S. Dist. LEXIS 223424 at *6, 2021 WL 5416605 (N.D. Tex. Nov. 18, 2021).

In *Krakauer v. Dish Network L.L.C.*, No. 1:14-CV-333, 2017 U.S. Dist. LEXIS 77163, 2017 WL 2242952 (M.D.N.C. May 22, 2017), the Middle District of North Carolina imposed treble damages on Dish Network for not scrubbing DNC lists and "not caring about adherence to legal requirements." *Id.* at *28-29. That court also explained its imposition of treble damages "because of the need to deter Dish from future violations and the need to give appropriate weight to the scope of the violations." *Id.* at *34.

Likewise, in *Harris v. World Financial Network Nat. Bank*, 867 F. Supp. 2d 888 (E.D. Mich. April 3, 2012), the court awarded treble damages based on a reckless standard, i.e., evidence that the defendant had "displayed a reckless disregard for Plaintiff's rights under the TCPA." *Id.* at 897.

## II.  Conclusion

Plaintiffs are entitled to treble damages for each violation set forth in the complaint and in its Motion for Default Judgment. D.I. 1, D.I.9. Because Defendant's 108 violations were knowing violations of the TCPA, Plaintiffs Kristi and Jared VonDeylen move this Honorable Court for an entry of default judgment pursuant to the Proposed Order submitted at D.I. 9-7 against Complete Reservation Solutions, LLC in the amount of **$162,000.00.**

Respectfully submitted,

                              **KIMMEL AND SILVERMAN, PC**

                              By: /s/ *Mary Higgins*
                              Mary Higgins, Esquire (4179)
                              Commonwealth Building
                              260 Chapman Road, Ste 201
                              Newark, DE 19702
                              Tel: 302-525-6607, ext. 2
                              mhiggins@lemonlaw.com

                              By: */s/ Angela K. Troccoli*
                              Angela K. Troccoli, Esquire (phv)
                              Kimmel & Silverman, P.C.
                              30 East Butler Avenue
                              Ambler, PA 19002
                              Tel: 215-540-8888, ext. 308
Dated: March 13, 2023         atroccoli@creditlaw.com

## **CERTIFICATION OF WORD COUNT**

I hereby certify that Plaintiff's Supplemental Memorandum of Law in Support of Motion for Default Judgment together with Plaintiff's Memorandum in support of Motion for Default Judgment (excluding captions, signature blocks, and certifications) complies with LR 7.1.3(a)(4) mandating no opening brief shall exceed 20 pages, and with the Court's November 10, 2022 Standing Order Regarding Briefing in All Cases limiting such briefs to 5,000 words. The document was prepared using Microsoft Word the Times New Roman 14 font. According to the word processing system's word count, the document contains no more than 4914 words.

Respectfully submitted,

**KIMMEL AND SILVERMAN, PC**

By: /s/ *Mary Higgins*
Mary Higgins, Esquire (4179)
Commonwealth Building
260 Chapman Road, Ste 201
Newark, DE 19702
Tel: 302-525-6607, ext. 2
mhiggins@lemonlaw.com